**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| N.F.A.P., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 4:20-cv-00964 |
| ) | |
| DOE RUN RESOURCES CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO PETITION FOR DAMAGES BY DEFENDANTS
THE DOE RUN RESOURCES CORPORATION, MARVIN K. KAISER, THEODORE P.
FOX III, JERRY PYATT, AND JEFFERY L. ZELMS**

Pursuant to Fed. R. Civ. P. 12, Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Theodore P. Fox III (also referred to in the Petition as Theodore P. Fox and Terry P. Fox), Jerry Pyatt, and Jeffery L. Zelms (collectively, "Defendants") hereby answer Plaintiffs' Petition for Damages ("Petition"). Unless hereinafter specifically admitted, Defendants deny each and every allegation within the Petition, and further deny that Plaintiffs are entitled to the relief sought therein. Defendants respond to the allegations of Plaintiffs' Petition as follows:

**PREFATORY PARAGRAPH**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the unnumbered, opening paragraph of Plaintiffs' Petition, and so deny the same.

1. Defendants admit that Plaintiffs bring this action, but deny that Plaintiffs are entitled to the relief sought. Defendants deny the remaining allegations of paragraph 1.

2388505

## THE PARTIES

2.      Defendants admit that the Circuit Court for the City of St. Louis entered an Order appointing Father Christopher Collins as Next Friend of certain Plaintiffs. Defendants deny the remaining allegations of paragraph 2.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and so deny the same.

4.      Defendants admit that Defendant The Doe Run Resources Corporation is a New York corporation with offices in St. Louis County, Missouri, and whose business includes mining, smelting, and fabrication of metals. Defendants deny the remaining allegations of paragraph 4.

5.      Defendants admit that Doe Run Cayman, Ltd. is a Cayman Island corporation that holds an ownership interest in Doe Run Peru S.R.L. Defendants deny the remaining allegations of paragraph 5.

6.      Defendants deny the allegations of paragraph 6.

7.      Defendants admit that D.R. Acquisition Corp. is a Missouri corporation with its principal place of business in Missouri. Defendants admit that D.R. Acquisition Corp. owns 100% of the common stock of The Doe Run Resources Corporation. Defendants deny the remaining allegations of paragraph 7.

8.      Defendants admit that The Renco Group, Inc. and Renco Holdings, Inc. are New York corporations with their principal places of business in New York. Defendants admit D.R. Acquisition Corp. is a wholly owned subsidiary of The Renco Group, Inc. Defendants deny the remaining allegations of paragraph 8.

9.      Defendants deny the allegations of paragraph 9.

10. Defendants admit that Ira L. Rennert is a resident of the City of New York, State of New York, and that he is and was a director and officer of each of Renco Group, Inc. and Renco Holdings, Inc., and a director of The Doe Run Resources Corporation. Defendants admit that Ira L. Rennert serves as the Chairman and Chief Executive Officer of The Renco Group, Inc. Defendants deny the remaining allegations of paragraph 10.

11. Defendants deny that Marvin K. Kaiser is a resident of St. Louis, Missouri. Defendants admit that Defendant Kaiser was an officer of Defendant The Doe Run Resources Corporation from 1994 to February 2006. Defendants deny the remaining allegations of paragraph 11.

12. Defendants admit the allegations of the first sentence of paragraph 12. Defendants admit that Defendant Pyatt has been an officer of Defendant The Doe Run Resources Corporation since at least 2001. Defendants deny the remaining allegations of paragraph 12.

13. Defendants admit the allegations of the first sentence of paragraph 13. Defendants admit that Defendant Zelms was an officer of Defendant The Doe Run Resources Corporation from April 1994 to March 2006. Defendants deny the remaining allegations of paragraph 13.

14. Defendants deny the allegations of the first sentence of paragraph 14. Defendants admit that Defendant Fox has been an officer of Defendant The Doe Run Resources Corporation from March 2006 to the present. Defendants deny the remaining allegations of paragraph 14.

## JURISDICTION AND VENUE

15. Defendants admit that jurisdiction is proper in this Court pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331 and that venue is proper in this Court pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1391. Defendants deny the remaining allegations of paragraph 15.

## ALLEGATIONS AND BACKGROUND FACTS COMMON TO ALL COUNTS

16. Defendants admit that the town of La Oroya is located in the central Andean highlands of Peru, at an elevation of approximately 3,750 meters above sea level and that the La Oroya Complex is located within the town of La Oroya. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, and so deny the same.

17. Defendants admit that the La Oroya Complex previously recovered the following metals (copper, zinc, silver, lead, indium, bismuth, gold, selenium, tellurium, and antimony) and produced certain by-products (including zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, and zinc-silver concentrates) from polymetallic concentrates produced by central Andean mines. Defendants deny the remaining allegations of paragraph 17.

18. Defendants admit that in 1997 The Doe Run Resources Corporation and The Renco Group, Inc. were signatories to the Stock Transfer Agreement by which Doe Run Peru S.R.L. acquired the majority of shares of Empresa Metalurgica La Oroya S.A. (Metalaroya S.A.) from the Peruvian State-owned Empresa Minera del Centro del Peru S.A. (Centromin Peru S.A.). Defendants deny the remaining allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and so deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and so deny the same.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

## COUNT I

### (NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC. and RENCO HOLDINGS, INC.)

32. Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 31.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

Defendants deny that plaintiffs are entitled to the relief requested in the unnumbered paragraphs beginning with "WHEREFORE," or entitled to any relief at all.

## COUNT II

**(CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC. and RENCO HOLDINGS, INC.)**

41. Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 40.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

Defendants deny that plaintiffs are entitled to the relief requested in the unnumbered paragraphs beginning with "WHEREFORE," or entitled to any relief at all.

## COUNT III

**(ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC. and RENCO HOLDINGS, INC.)**

48. Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 47.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

Defendants deny that plaintiffs are entitled to the relief requested in the unnumbered paragraphs beginning with "WHEREFORE," or entitled to any relief at all.

## COUNT IV

**(NEGLIGENCE – Defendants THEODORE P. FOX, JERRY PYATT, JEFFREY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

54. Defendants incorporate by reference their responses to the allegations of paragraphs 1 – 53.

55. Defendants admit that Defendant Kaiser served as Vice President Finance, Chief Financial Officer, and/or Chief Administrative Officer of Defendant Doe Run Resources Corporation from December 1993 to March 2006. Defendants deny the remaining allegations of paragraph 55.

56. Defendants admit that Defendant Fox has been Vice President Finance and Chief Financial Officer of Defendant Doe Run Resources Corporation from September 2006 to the present. Defendants deny the remaining allegations of paragraph 56.

57. Defendants admit that Defendant Pyatt has been the Chief Executive Officer of Defendant Doe Run Resources Corporation from August 2012 to the present. Defendants deny the remaining allegations of paragraph 57.

58. Defendants admit that Defendant Zelms was President of the Doe Run Resources Corporation from August 1984 to January 2006 and Chief Executive Officer from August 1984 to April 2006. Defendants deny the remaining allegations of paragraph 58.

59. Defendants admit that Ira L. Rennert was and remains the Chairman and Chief Executive Officer of The Renco Group, Inc. and the Chairman of the Board of Defendant The Doe Run Resources Corporation. Defendants deny the remaining allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

Defendants deny that plaintiffs are entitled to the relief requested in the unnumbered paragraphs beginning with "WHEREFORE," or entitled to any relief at all.

## COUNT V

### (CIVIL CONSPIRACY – Defendants TERRY P. FOX, JERRY PYATT, JEFFREY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

64. Defendants incorporate by reference their responses to the allegations of paragraphs 1 – 63.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

Defendants deny that plaintiffs are entitled to the relief requested in the unnumbered paragraphs beginning with "WHEREFORE," or entitled to any relief at all.

## COUNT VI

### (ABSOLUTE or STRICT LIABILITY – Defendants TERRY P. FOX, JERRY PYATT, JEFFREY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

71. Defendants incorporate by reference their responses to the allegations of paragraphs 1 – 70.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

Defendants deny that plaintiffs are entitled to the relief requested in the unnumbered paragraphs beginning with "WHEREFORE," or entitled to any relief at all.

## COUNT VII

### (CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)

77. Defendants incorporate by reference their responses to the allegations of paragraphs 1 - 76.

78. Defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80, including each of its subparagraphs.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

Defendants deny that plaintiffs are entitled to the relief requested in the unnumbered paragraphs beginning with "WHEREFORE," or entitled to any relief at all.

WHEREFORE, Defendants request that the Court deny Plaintiffs' relief sought in the Petition, that Plaintiffs take nothing, that the Court award Defendants their fees and costs of defending this action, and that the Court award Defendants such other relief as is reasonable and appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

While continuing to deny the material allegations of Plaintiffs' Petition, and without assuming any burden they do not otherwise bear, Defendants assert the following affirmative and other defenses:

1. Plaintiffs' Petition, and each and every count thereof, fails to state a claim upon which relief can be granted.

2. Plaintiffs' Petition fails to state a claim for conspiracy upon which relief can be granted in that, under the law, affiliates, officers, and directors cannot conspire with each other.

3. The violations of any regulations cited by Plaintiffs do not provide the basis for private causes of action.

4. Plaintiffs' claims are barred or limited to the extent that they are based upon any theory providing for liability without proof of fault or causation.

5. Plaintiffs' Petition, and each and every count thereof, is barred by the applicable statute of limitations.

6. Plaintiffs' claims are barred by the doctrine of assumption of risk.

7. Plaintiffs' claims are barred by the doctrines of release, accord and satisfaction, res judicata, collateral estoppel, laches, estoppel, and/or waiver.

8. Plaintiffs' named next friend lacks standing or capacity to sue on behalf of the Plaintiffs in this case.

9. Plaintiffs' named next friend's authority to represent Plaintiffs has expired, to the extent Plaintiffs have reached the age of majority.

10. Plaintiffs are not entitled to an award of attorneys' fees.

11. Plaintiffs are barred from recovery to the extent that they have failed to mitigate damages, if any.

12. Defendants deny any negligence on Defendants' part. By way of further defense to Plaintiffs' claims, Defendants state as to one or more of the named Plaintiffs, under the doctrines of contributory negligence and comparative fault, any right of recovery Plaintiffs might otherwise have is barred in whole or in part by their failure to exercise ordinary care for their own health, safety, and protection of their property.

13. At all relevant times, Defendants complied with all applicable laws, regulations, policies and standards.

14. Defendants deny the existence of any duty to Plaintiffs. If any duty is found to have existed, Defendants deny violating any duty owed to Plaintiffs.

15. If Plaintiffs sustained any damages or injury, the alleged damage and injury complained of was due to unavoidable circumstances and from causes beyond the control or fault of Defendants.

16. Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged exposure to lead or other allegedly toxic or harmful substances resulted from sources other than those allegedly stemming from the actions of Defendants.

17. Plaintiffs' claims are barred in whole or in part by the doctrine of intervening cause or superseding cause, and any damages that Plaintiffs may have sustained were caused in whole or in part by actions of independent third parties, including, but not limited to, the Republic of

Perú, Empresa Minera del Centro Del Peru S.A. (Centromin Peru S.A.), and Activos Mineros S.A.C.

18. Plaintiffs have failed to join parties that are necessary and indispensable under Federal Rule of Civil Procedure 19.

19. In the event that Defendants are found liable to Plaintiffs, which liability is expressly denied, Defendants will be entitled to indemnification, contribution, or apportionment from other parties pursuant to applicable law.

20. To the extent that the domestic law of the United States and/or the State of Missouri is found to apply to Plaintiffs' claims for punitive damages (Defendants respectfully disagree with the Court's February 11, 2019 Memorandum and Order holding Peruvian law does not apply to Plaintiffs' claims, and reserves all rights concerning that decision on appeal and otherwise), such claims by Plaintiffs are barred in whole or in part because an award of punitive damages would violate Defendants' procedural and substantive due process rights and equal protection rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Articles 1, §§ 2, 10, 19 and 21 of the Missouri Constitution.

21. Should any other party effect a settlement of one or more of the claims asserted in this action, the Defendants are entitled, as a credit against any judgment herein, to the setoff required by Mo. Rev. Stat. § 537.060 (Defendants respectfully disagree with the Court's February 11, 2019 Memorandum and Order holding Peruvian law does not apply to Plaintiffs' claims, and reserves all rights concerning that decision on appeal and otherwise) in the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

22. Plaintiffs' claims may be governed by and/or limited in whole or in part by any award or interim measure entered by the tribunal in the pending international arbitration brought

by Defendant The Renco Group, Inc. against the Republic of Perú under the U.S. – Perú Trade Promotion Agreement.

23. Plaintiffs' claims for punitive damages are barred, in whole or in part, by the laws of the Republic of Perú (Defendants respectfully disagree with the Court's February 11, 2019 Memorandum and Order holding Peruvian law does not apply to Plaintiffs' claims, and reserves all rights concerning that decision on appeal and otherwise).

24. Plaintiffs' claims are barred, in whole or in part, by Missouri law, including but not limited to the internal affairs doctrine, which dictates that all Peruvian law applies to this matter (Defendants respectfully disagree with the Court's February 11, 2019 Memorandum and Order holding Peruvian law does not apply to Plaintiffs' claims, and reserves all rights concerning that decision on appeal and otherwise).

25. Plaintiffs' claims are barred, in whole or in part, by Articles 1971 of Peru's Civil Code, which provides immunity to Defendants against claims arising from the operations of the La Oroya Complex (Defendants respectfully disagree with the Court's February 11, 2019 Memorandum and Order holding Peruvian law does not apply to Plaintiffs' claims, and reserves all rights concerning that decision on appeal and otherwise).

26. Plaintiffs are third-party beneficiaries of certain agreements between the Republic of Perú and/or certain of its instrumentalities, on the one hand, and certain of the Defendants, on the other. Under the terms of said agreements, Plaintiffs are barred from asserting the liability claimed in their Petition, Defendants at all times denying such liability.

27. Plaintiffs' claims are barred or otherwise limited by the doctrine of sovereign immunity.

28. Plaintiffs' claims are barred or otherwise limited by the doctrine of international comity (Defendants respectfully disagree with the Court's February 11, 2019 Memorandum and Order holding abstention based on international comity is not appropriate, and reserves all rights concerning that decision on appeal and otherwise).

29. Plaintiffs' claims are barred or otherwise limited by the act of state doctrine.

30. Plaintiffs' claims have been released by operation of certain agreements between the Republic of Peru and/or certain of its instrumentalities, on the one hand, and certain of Defendants on the other, by the operation of Mo. Rev. Stat. § 537.060 (Defendants at all times denying that Missouri law is applicable or controlling) and by other means.

31. Plaintiffs' claims are barred or otherwise limited by the doctrine of unclean hands.

32. Plaintiffs' claims are barred or otherwise limited on the basis that Plaintiffs' damages, if any, are too speculative to be recovered and cannot be established to a reasonable certainty.

33. Plaintiffs' claims are barred or otherwise limited to the extent Plaintiffs' injuries or damages (which injuries or damages the Defendants deny) were not caused but for, in fact, or proximately by the acts and/or omissions of the Defendants.

34. Plaintiffs' claims are barred or otherwise limited to the extent that Plaintiffs have not suffered any actual injury or damages as a result of the conduct alleged in the Petition.

35. Plaintiffs' claims are barred or otherwise limited to the extent that their allegations fail to provide adequate notice of the nature of the claims alleged.

36. Plaintiffs' claims are barred or otherwise limited to the extent that their allegations with respect to the Defendants do not constitute a completed tort.

37. Plaintiffs lack a good faith basis for the claims asserted.

38.     Defendants adopt and incorporate herein any other affirmative defense asserted by any other Defendant to this action.

39.     Defendants specifically reserve the right to assert any avoidance or legal defense, affirmative or otherwise, to this action as may become apparent as discovery progresses and/or additional pleadings are filed.

WHEREFORE, Defendants request that the Court deny Plaintiffs' relief sought in the Petition, that Plaintiffs take nothing, that the Court award Defendants their fees and costs of defending this action, and that the Court award Defendants such other relief as is reasonable and appropriate.

## JURY TRIAL DEMAND

In accordance with Federal Rule of Civil Procedure 38, Defendants demand a trial by jury on all issues and claims so triable.

Dated: July 31, 2020                                     Respectfully submitted,

                                            **LEWIS RICE LLC**
                                            By:    /s/ Thomas P. Berra, Jr.
                                                     Thomas P. Berra, Jr., #43399MO
                                                     Michael J. Hickey, #47136MO
                                                     600 Washington Avenue, Suite 2500
                                                     St. Louis, Missouri 63101-1311
                                                     Telephone:  (314) 444-7600
                                                     Facsimile:  (314) 241-6056
                                                     tberra@lewisrice.com
                                                     mhickey@lewisrice.com

                                       *Attorneys for Defendants The Doe Run Resources*
                                       *Corporation, Marvin K. Kaiser, Jerry Pyatt,*
                                         *Theodore P. Fox III, and Jeffery L. Zelms*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 31st day of July, 2020, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system and service upon all participants in the case who are CM/ECF users will be accomplished by operation of that system.

                                                      /s/ Thomas P. Berra, Jr.